IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| LOXLEY SOUTH, L.L.C., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 10-00024-KD-N |
| | ) | |
| WESTERN EXPRESS, INC., | ) | |
| WAYNE W. WISE, DONNA WISE, and | ) | |
| JPMORGAN CHASE BANK, N.A., | ) | |
| | ) | |
| Defendants. | ) | |

REPORT AND RECOMMENDATION

This action is before the Court on a motion to dismiss (doc. 13) filed by Wayne W. Wise and Donna Wise (collectively the "Wises"), defendants herein. The matter has been referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B). Upon consideration of defendants' motion, plaintiff's response in opposition thereto (doc. 22)[1], defendants' reply

---

[1] Attached to plaintiff's response in opposition is an affidavit of J. Gaines Betbeze which the undersigned has not considered in connection with this determination regarding the efficacy of the Wises' motion to dismiss. *See*, Lay v. Hixon, 2009 WL 825814, * 2 (S.D. Ala. Mar. 26, 2009)("[W]henever a defendant files a motion to dismiss for failure to state a claim upon which relief can be granted, if "matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56." Rule 12(b)(6), Fed.R.Civ.P.; *see also* Garfield v. NDC Health Corp., 466 F.3d 1255, 1260 n. 2 (11th Cir.2006) ( "Normally, once the court decides to accept matters outside the pleading, it must convert the motion to dismiss into one for summary judgment."); Day v. Taylor, 400 F.3d 1272, 1275-76 (11th Cir.2005) ("The district court generally must convert a motion to dismiss into a motion for summary judgment if it considers materials outside the complaint."). Whether the Court considers matters outside the pleadings is, however, a matter of discretion. *See* Jones v. Automobile Ins. Co. of Hartford, Conn., 917 F.2d 1528, 1531-32 (11th Cir.1990) ("It is within the judge's discretion to decide whether to consider matters outside of the pleadings that are presented to the court.").

(doc. 24), and all other pertinent portions of the record, it is recommended that defendants' motion to dismiss be granted, without prejudice.

1. Factual and Procedural Background.

On December 12, 2006, the plaintiff, Loxley South, LLC ("Loxley South"), executed an agreement ("Agreement") to sell certain real property in Baldwin County, Alabama, to Defendant Western Express, Inc. ("Western Express"). Complaint at ¶ 1 (Doc. 1 at 8). The Agreement contained the following provision:

> Purchaser covenants and agrees to construct Phase I and Phase II within six (6) months from the date of closing, and further covenants and agrees that Business Park Drive, as shown on Exhibit "A", shall be constructed and the road and all utilities shall be stubbed out at the East line of Phase II, and thereby be available to Seller for future development of the lands adjoining to the East. This provision shall survive the closing.

Agreement (Complaint at Exh. A) at ¶ 5 (Doc. 1 at 15). Mr. and Mrs. Wise are not parties to this Agreement, are not referenced in any manner in the Agreement and are not alleged in the Complaint to be parties to the Agreement. Loxley South asserts that the closing contemplated by the Agreement took place on December 27, 2006, at which time (at the request of Western Express) the property was deeded from Loxley South to Wayne M. Wise and Donna Wise.[2] The complaint further alleges "on information and belief, [that] Wise, or one of them, is an officer, director, shareholder, or employee of Western Express and that Western Express requested that the Agreement be closed through the execution

---

[2] There is no allegation in the complaint that the Wises' were present at the closing

2

of said deed transferring the title of the subject property to Wise, in which request Plaintiff acquiesced." Complaint at ¶¶ 4-5 (Doc. 1 at 9). Loxley South further contends that "the provisions of Paragraph 5 of the Agreement are real, affirmative covenants which run with the land and burden the title of the subject property, imposing an obligation of compliance with these covenants on the owner of the title to the subject property, both present and future. Complaint at ¶ 6 (Doc. 1 at 10).

The deed conveying the property to the Wises (the "Wise Deed") was recorded on January 2, 2007, and contains no reference to either the Agreement or the covenant contained therein to undertake a construction project, build a road and install utilities. *Id.*; Wises' Reply at Exh. A (Doc. 24 at 10-12) (missing page 2 of Deed) .[3] The deed itself warrants that it is "free from all encumbrances." *Id*.

On March 15, 2008, more than a year later, Wayne and Donna Wise deeded the same property to Western Express. Complaint at ¶ 8 (Doc. 1 at 10). This deed (the "Western Express Deed") was recorded on March 17, 2008, and similarly contains no reference to either the Agreement or any covenant to undertake a construction project,

---

[3] Exhibit A to the Wises' reply brief is the deed from Loxley South to the Wises; however, the document is missing Page Two. The complete document was filed by defendant JPMorgan Chase Bank as an exhibit to its motion to dismiss (doc. 8). The complete document has been considered as evidence of record as it is central to plaintiff's claims against the Wises. *See* Brooks v. Blue Cross and Blue Shield of Florida, Inc., 116 F.3d 1364, 1369 (11th Cir. 1997) ("[W]here the plaintiff refers to certain documents in the complaint and those documents are central to the plaintiff's claim, then the Court may consider the documents part of the pleadings for purposes of Rule 12(b)(6) dismissal, and the defendant's attaching such documents to the motion to dismiss will not require conversion of the motion into a motion for summary judgment.").

build a road or install any utilities. *Id*.

The Agreement executed between Loxley South and Western Express on December 12, 2006, was not recorded until June 23, 2009, more than two and a half years after it was executed, more than a year after the Wises conveyed title to the property to Western Express, and two months after Western Express executed the mortgage in favor of Chase.[4] Complaint at ¶ 1 (Doc. 1 at 8)**.**

Loxley South filed its Complaint in the Circuit Court of Baldwin County, Alabama, on December 8, 2009. (Doc. 1 at 7). Loxley South seeks, as against each of the defendants, specific performance of the alleged obligation in the Agreement, including the obligation "to construct . . . certain improvements or betterments to be situated on the subject property, including specifically the construction of Business Park Drive, a public street or roadway to provide ingress, egress, and utilities to and from Baldwin County Highway 49 and certain commercial development lands adjoining the subject property which were then and are now owned by the Plaintiff." Complaint at ¶ 2 (Doc. 1 at 8). Alternatively, Loxley South seeks "money damages in a sum equal to the cost of construction of all improvements or betterments on and across Business Park Drive as set forth in the Agreement, together with interest at the legal rate and costs of this proceeding." Complaint at ¶ 15 (b) (Doc. 1 at 13). With specific respect to the

---

[4]Western Express executed a mortgage in favor of Chase on April 29, 2009, nearly a year after the Wises deeded the property to Western Express and the mortgage was recorded on June 30, 2009. Complaint at ¶ 9 (Doc. 1 at 10). The mortgage contains no reference to either the Agreement or any covenant to undertake a construction project, build a road or install any utilities. *Id*.

Wises, Loxley South contends it is entitled to this relief because "Wise had actual knowledge of the Agreement and took title to the subject property subject to all of the terms and conditions of the Agreement, including the assumption of the obligations contained in Paragraph 5 of the Agreement." Complaint at ¶ 7 (Doc. 1 at 10).

This action was removed to this Court on January 12, 2010, pursuant to 28 U.S.C. §§ 1332 and 1441-1451. (Doc. 1 at 1). The Wises filed their motion to dismiss on February 18, 2010 (doc. 13) and the motion has now been fully briefed by the parties.

The Wises maintain that they are due to be dismissed because they were not parties to the Agreement, did not sign any document agreeing to assume responsibility for the covenants contained in Paragraph 5 of the Agreement, received a deed warranting that they received title "free from all encumbrances," subsequently conveyed title of the subject property to Western Express, and, as such, cannot be considered "the owner of the title to the subject property." Wises Motion (Doc. 13) at 1and 6-8; Wises Reply (Doc. 24) at 1; Complaint at ¶ 6 (Doc. 1 at 10).

In opposition, Loxley South argues that the Agreement is not void under the Alabama Statute of Frauds "because the purchase money due under the subject contract was paid to Loxley South at closing, and Wise was put in possession of the land by Loxley South." Opposition Brief (Doc. 22) at 2.[5] In sum, Loxley South argues that the

---

[5] There is no allegation in the complaint that any purchase money was paid at closing.

fact that the Agreement was not executed by either of the Wises is not fatal to its claims because the transaction fell within the following exception contained in the Alabama Statute of Frauds:

> (5) Every contract for the sale of lands, tenements or hereditaments, or of any interest therein, except leases for a term not longer than a year, <u>unless the purchase money or a portion thereof is paid and the purchaser is put in possession of the land by the seller</u>...

*Id*., *quoting* Ala. Code § 8-9-2(5) (2002 Repl. Vol.)(emphasis added by Loxley South).

    2.    <u>Standard of Review</u>.

Prior to <u>Bell Atlantic v. Twombly</u>, 550 U.S. 544 (2007), a court could only dismiss a complaint "if it is was clear that no relief could be granted under any set of facts that could be proved consistent with the allegations," language set forth in <u>Conley v. Gibson</u>, 355 U.S. 41, 45-46 (1957). This language as it relates to the Rule 12(b)(6) standard was expressly rejected in <u>Twombly</u> wherein the Supreme Court set forth the following standard regarding a court's determination of the sufficiency of pleading such as is in issue in this case:

> Federal Rule of Civil Procedure 8(a)(2) requires only " a short and plain statement of the claim showing that the pleader is entitled to relief," in order to "give the defendant fair notice of what the ... claim is and the grounds upon which it rests," <u>Conley v. Gibson</u>, 355 U.S. 41, 47, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, [citation omitted] a plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do [citation omitted]. Factual allegations must be enough to raise a right to relief above the speculative level.

550 U.S. at 555. The Supreme Court emphasized, however, that "we do not require heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face." 550 U.S. at 570. The Supreme Court recently reinforced the Twombly standard in Ashcroft v. Iqbal, – U.S. – , 129 S.Ct. 1937, 1949-50 (2009). The Court reiterated that a claim is insufficiently pled if it offers only "'labels and conclusions'" or "'a formulaic recitation of the elements of a cause of action'." Iqbal, 129 S.Ct. at 1949, *quoting* Twombly, 550 U.S. at 557. The Iqbal Court explained:

> Two working principles underlie our decision in Twombly. First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. . . . Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not "show[n]"-"that the pleader is entitled to relief."

Iqbal, 129 S.Ct. at 1949-50 (citation and internal punctuation omitted). *See also*, Phillips v. County of Allegheny, 515 F.3d 224, 233 (3rd Cir. 2008)("After Twombly, it is no longer sufficient to allege mere elements of a cause of action; instead 'a complaint must allege facts suggestive of [the proscribed] conduct'."), *quoting* Twombly, 550 U.S. at 553, n. 8. *See also*, Sinaltrainal v. Coca-Cola Co., 2009 WL 2431463 (11th Cir. Aug. 11, 2009)("The mere possibility the defendant acted unlawfully is insufficient to survive a

7

motion to dismiss [*citing* Iqbal, 129 S.Ct. at 1949] [and] [t]he well-pled allegations must nudge the claim 'across the line from conceivable to plausible'" [*quoting* Twombly, 550 U.S. at 570]").

   3.   Discussion.

The Complaint filed by Loxley South does **not** allege that the Wises were parties to the Agreement at issue nor that they breached the terms of the Agreement. According to the Agreement attached as Exhibit A to the Complaint, the sole "Purchaser" was "WESTERN EXPRESS, INC." and it was only the "Purchaser" who "covenants and agrees" to perform the obligations set forth in Paragraph 5. Complaint at Exh. A (Doc. 1 at 15). Loxley South's "belief" that "Wise, or one of them, is an officer, director, shareholder, or employee of Western Express" is insufficient, in itself, to impose corporate liability for any alleged breach of the Agreement on the Wises.[6] Although

---

[6] Under Alabama law, the following principle govern whether or not the corporate form will be disregarded in a given case:

> "We generally accept the concept that a corporation is a separate legal entity, but when this concept is invoked in support of an end subversive of justice, it will be disregarded. Cohen v. Williams, 294 Ala. 417, 420, 318 So.2d 279, 180 (1975) (quoting 18 Am.Jur.2d Corporations § 14 at 4559 (2d ed. 1965)). A separate corporate existence will not be recognized when a corporation is so organized and controlled and its business so conducted as to make it a mere instrumentality of another or the alter ego of the person owning and controlling it. Woods v. Commercial Contractors, Inc., 384 So.2d 1076, 1079 (Ala.1980). A corporation and the individual or individuals owning all its stock and assets can be treated as identical, even in the absence of fraud, to prevent injustice or inequitable consequences. Cohen, 294 Ala. at 421, 318 So.2d at 281."

Deupree v. Ruffino, 505 So.2d 1218, 1222 (Ala. 1987), *quoting* Barrett v. Odum, May & DeBuys, 453 So.2d 729, 732 (Ala.1984). The Alabama Supreme Court also addressed as

Loxley South contends in the Complaint that "Wise had actual knowledge of the Agreement and took title to the subject property subject to all of the terms and conditions of the Agreement" (Complaint at ¶ 7), there is no allegation that either of the Wises were present at or participated in the negotiations or the real estate closing. Consequently, Loxley South's statement regarding Wises' assumption of the obligations set forth in the Agreement is insufficient under Twombly "to state a claim for relief that is plausible on its face." 550 U.S. at 570.

Loxley South's reliance on the part-performance exception to the Alabama Statute of Frauds requirement of a written contract for the sale of the subject property also without merit. As stated previously, this exception is as follows:

---

follows the specific standard to be applied when it is contended that the corporate entity should be disregarded on the grounds of excessive control:

> While acknowledging that the dominating party may be an individual or another corporation, we stated the elements essential for imposition of liability on the dominant party as follows:
>
> > 1) The dominant party must have complete control and domination of the subservient corporation's finances, policy and business practices so that at the time of the attacked transaction the subservient corporation had no separate mind, will, or existence of its own;
> >
> > 2) The control must have been misused by the dominant party. Although fraud or the violation of a statutory or other positive legal duty is misuse of control, when it is necessary to prevent injustice or inequitable circumstances, misuse of control will be presumed;
> >
> > 3) The misuse of this control must proximately cause the harm or unjust loss complained of.

Messick v. Moring, 514 So.2d 892, 894-95 (Ala. 1987), *citing* Kwick Set Components, Inc. v. Davidson Ind., Inc., 411 So.2d 134 (Ala.1982).

> (5) Every contract for the sale of lands, tenements or hereditaments, or of any interest therein, except leases for a term not longer than a year, <u>unless the purchase money or a portion thereof is paid and the purchaser is put in possession of the land by the seller</u>...

*Id.*, *quoting* Ala. Code § 8-9-2(5) (2002 Repl. Vol.)(emphasis added by Loxley South). There is no allegation in the Complaint that any of the purchase price was ever paid. Rather, the complaint alleges that Loxley South executed "a Warranty Deed conveying the subject property to the Defendant, Wayne M. Wise and his wife, Donna Wise." Complaint at ¶ 4 (Doc. 1 at 9). Loxley South concedes that Western Express was **not** put in possession of the property but that, for some undisclosed reason, "Wise was put in possession of the land by Loxley South." Opposition Brief (Doc. 22) at 2. Even had Loxley South argued that Western Express acted as an agent on the Wises' behalf,[7] the argument would fail because there is no allegation that the Wises gave Western Express written authority to act on their behalf and it is well settled that:

> [A] contract for the sale of an interest in real property-falls within the ambit of Alabama's Statute of Frauds. Ala.Code 1975, § 8-9-2. Alabama law is well settled on the principle that *in order for an agent to act on a principal's behalf regarding a matter controlled by the Statute of Frauds, the agent's authority must be in writing*. § 8-9-2; <u>Durham v. Harbin</u>, 530 So.2d 208 (Ala.1988), and <u>Cammorata v. Woodruff</u>, 445 So.2d 867 (Ala.1983). Moreover, any contract made by an agent without written authority is void if the contract itself is one that has to be in writing. <u>Cammorata v. Woodruff</u>, supra. *See*, *also*, <u>Thompson v. New South Coal Co.</u>, 135 Ala. 630, 34 So. 31 (1903).

---

[7] Loxley South has neither expressly asserted such a claim of agency or alleged any facts which would support such a claim.

Ledkins v. Welch, 2000 WL 1135490, * 3 (S.D. Ala. July 13, 2000), *quoting*, Hight v. Byers, 569 So.2d 387, 388 (Ala. 1990)(emphasis added).  Consequently, based upon the allegations of Loxley South's complaint, the Alabama Statute of Frauds would require Wises's alleged joinder or acceptance in the Agreement to have been in writing, which it clearly was not.  There is simply no evidence in this record that the Wises ever expressly joined in the Agreement or assumed its obligations and there are no allegations of fact in the complaint which could support such a claim.

In addition, Loxley South specifically limits the obligations imposed in Paragraph 5 of the Agreement to "the owner of the title to the subject property, both present and future."  Complaint at ¶ 6 (Doc. 1 at 10).  The Wises are neither of these- - as Loxley South acknowledges.  *See* Complaint at ¶ 7(describes a warranty deed dated March 15, 2008, by which the subject property was conveyed from the Wises to Western Express).  At present, title to the subject property lies solely in Western Express, the original purchaser, signatory to the Agreement with Loxley South, and a defendant herein.

CONCLUSION

For the reasons stated above, it is the recommendation of the undersigned that the motion to dismiss (doc. 13) filed by Wayne W. Wise and Donna Wise be **GRANTED,** ***without prejudice.***

The instructions which follow the undersigned's signature contain important information regarding objections to the report and recommendation of the magistrate

judge.

**Done** this  29th  day of April, 2010.

/s/ KATHERINE P. NELSON
UNITED STATES MAGISTRATE JUDGE

# RIGHTS AND RESPONSIBILITIES FOLLOWING RECOMMENDATION
## AND FINDINGS CONCERNING NEED FOR TRANSCRIPT

1. **Objection**. Any party who objects to this recommendation or anything in it must, within fourteen days of the date of service of this document, file specific written objections with the clerk of court. Failure to do so will bar a de novo determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the magistrate judge. *See* 28 U.S.C. § 636(b)(1)(c); Lewis v. Smith, 855 F.2d 736, 738 (11th Cir. 1988); Nettles v. Wainwright, 677 F.2d 404 (5th Cir. Unit B, 1982)(en banc). The procedure for challenging the findings and recommendations of the magistrate judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within **[fourteen days]** [8] after being served with a copy of the recommendation, unless a different time is established by order. The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection. The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed de novo and a different disposition made. It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection. Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2. **Transcript (applicable where proceedings tape recorded)**. Pursuant to 28 U.S.C. § 1915 and Fed.R.Civ.P. 72(b), the magistrate judge finds that the tapes and original records in this action are adequate for purposes of review. Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

**Done** this  29th  day of April, 2010.

/s/ Katherine P. Nelson
UNITED STATES MAGISTRATE JUDGE

---

[8] Effective December 1, 2009, the time for filing written objections was extended to "14 days after being served with a copy of the recommended disposition[.]" Fed.R.Civ.P. 72(b)(2).