**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| **LOXLEY SOUTH, L.L.C.,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **CIVIL ACTION NO. 10-0024-KD-N** |
| | ) | |
| **WESTERN EXPRESS, INC.,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**ORDER**

This action is before the Court on the motion for partial summary judgment filed by

plaintiff Loxley South, L.L.C. (Loxley South) as to defendant Western Express, Inc.'s (Western)

counterclaim for rescission (doc. 74). Oral argument was held May 26, 2011 and present were

Allan R. Chason, counsel for Loxley South, and George R. Irvine III and John Bradford Boyd

Hicks, counsel for Western. After oral argument, the Court ordered additional briefing and the

parties have now provided the Court with their respective trial briefs (docs. 102, 103). After

review of the evidence of record, the trial briefs, and consideration of the issues addressed at oral

argument, the Court finds that there is sufficient evidence before the Court to reach a decision on

Loxley South's remaining issue on motion for partial summary judgment and that trial is not

necessary. Accordingly, upon consideration of the foregoing, and for the reasons set forth

herein, Loxley South's motion for partial summary judgment as to Western's counterclaim for

rescission is GRANTED.

Background[1]

---

[1] A more extensive procedural background and findings of fact were set forth in the order
on summary judgment (doc. 98). Also, this Court is sitting in diversity and therefore applies the
(Continued)

In the counterclaim, Western claims as follows:[2]

       13.  The acts of Plaintiff, Loxley South, L.L.C., in negotiating for and contracting for the sale of the property described in the contract prior to the recordation of the subdivision plat and executing a deed to Wise was an illegal act; void and of no force and effect.

       14.  Plaintiff in Counterclaim is entitled to rescind the sale and recover all sums paid in connection with, and as a consequence of the contract, and in its efforts to construct the road.

       15.  Plaintiff in Counterclaim offers to do equity by returning the property to Defendant in Counterclaim for restitution of the sums paid.

       WHEREFORE, after all due proceedings, Plaintiff in Counterclaim, Western Express, Inc., demands judgment in its favor and against Defendant in Counterclaim, Loxley South, L.L.C., for rescission of the contract and restitution and disgorgement of all sums received by Loxley South, L.L.C. and for all other just, general and equitable relief.

(doc. 51, p. 8).

On Loxley South's motion for partial summary judgment, this Court determined that the

Agreement between Loxley South and Western was void and unenforceable because the

Agreement was made in violation of the subdivision regulation statutes of the State of Alabama,

specifically, Ala. Code § 11-52-33, and the Subdivision Regulations of the Town of Loxley (doc.

98).  After finding that the Agreement was void, the Court held open the issue of whether

---

substantive law of the forum state, Alabama.  *Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 58 S.Ct. 817, 823 (1938).  "In applying state law, this court 'must decide the case the way it appears the state's highest court would.' " *Rose v. General Motors Corp.*, 323 F.Supp.2d 1244, 1247 (N.D. Ala. 2004) (quoting *Ernie Haire Ford, Inc. v. Ford Motor Co.*, 260 F.3d 1285, 1290 (11th Cir. 2001).

    [2]  Western also counterclaimed that the Agreement was void for fraud and was due to be rescinded (doc. 41, p. 8, ¶ 12, incorporating by reference, ¶¶ 10-11).  The Court granted summary judgment in favor of Loxley South as to Western's counterclaim for fraud (doc. 98).  In Western's trial brief, it acknowledges that it does not seek to rescind on basis of fraud (doc. 15).

Western could recover all sums paid for the Property, recover all sums paid to prepare to

construct the road, and transfer the Property back to Loxley South. (doc. 98, p. 10)[3]  The

evidence indicates that Western and Wayne Wise expended a total of approximately $1 million

including the purchase price ($736,855.45) and cost of improvements to the Property and

engineering in preparation of construction of Business Park Drive (doc. 102-1, doc. 103, p. 2 n.1,

Loxley South calculates the total amount expended as $920,295.78).

Analysis

The Court has held that the Agreement is void because it was made in violation of the

Alabama subdivision regulation statutes. In *Drinkard v. Embalmers Supply Co.*, 244 Ala. 619,

621, 14 So.2d 585, 587 (1943), the court held that where a contract was void "there is no

occasion for a rescission; there is nothing to rescind."  Moreover, in *Bankers & Shippers Ins. Co.*

*of New York v. Blackwell*, 255 Ala. 360, 366, 51 So.2d 498, 502 (1951)  the court stated that

"'contracts specially prohibited by law, or the enforcement of which violated a law, or the

making of which violated the law ... [are] void and nonenforceable ...' "(quoting *Ellis v. Batson*,

177 Ala. 313, 317, 58 So. 193, 194 (1912)).  Accordingly, there is no agreement to rescind (or

enforce) in this case.

Western argues that it falls within an exception to this lack of a remedy because its

conduct was not inequitable or as culpable as Loxley South, thus they were not *in pari delicto*.[4]

---

[3] Loxley South states in its trial brief that the issue of whether the Agreement was not
void because of the application of an exemption in the Loxley Subdivision Regulations for tracts
of property larger than five acres had not been resolved (doc. 103, p. 14).  However, the Court
previously found this argument unpersuasive. (doc. 98, p. 9).

[4]  The Court notes that Western argues that Loxley South has waived any argument that
the parties were *in pari delicto* because it was not specifically plead as an affirmative defense.
Loxley South responds that it plead the affirmative defenses of estoppel and waiver and unclean
hands and thus, sufficiently put Western on notice that equitable affirmative defenses would be
(Continued)

Western also points out that the penal provisions of the subdivision statutes are directed toward the owner as the seller of the property and not the buyer, that Loxley South is a sophisticated real estate company while Western is not, and that there was "at least some level of deception" in Loxley South's letter of November 7, 2006.

Loxley South responds that Western does not have clean hands and engaged in inequitable conduct because it too participated in the illegal Agreement, even though the statute may be worded in terms of enforcing the penalties against the owner. Loxley South also argues that Western is a sophisticated business entity which routinely deals with real property issues and participated in the Agreement on advice of counsel, and therefore the parties are "equally at fault" and hence *in pari delicto.*

"The general principle underlying the doctrine of *in pari delicto* is that if two equally guilty parties enter into an illegal or void contract neither party may obtain relief in the courts." *Crown Castle USA, Inc. v. Howell Engineering and Surveying, Inc.*, 981 So.2d 400, 410 (Ala.Civ.App. 2005) (reversed on other grounds *Ex parte Howell Engineering and Surveying, Inc.*, 981 So. 2d 413 (Ala. 2006)) (citing *Robinson v. Boohaker, Schillaci & Co., P.C.*, 767 So.2d 1092, 1094 (Ala. 2000) citing *Thompson v. Wiik, Reimer & Sweet*, 391 So.2d 1016 (Ala. 1980)). Moreover, although an exception exists where one party to a void contract is not equally guilty with the other, the exception "should be applied only in limited circumstances." *Thompson*, 391 So.2d at 1020. In *Thompson*, the court explained that "[t]he cases of this character exist generally where the party asking to be relieved from the effect of an illegal agreement was

_____

raised. The Court finds that the affirmative defense of *in pari delicto* was not waived. While differing, the doctrines of unclean hands and *in pari delicto* both anticipate some proof of inequitable conduct or culpable conduct as does equitable estoppel.

induced to enter into the same by means of fraud; here he is not regarded as being *in pari delicto* with the other party, and the court may relieve him. The same is held where the complaining party has entered into the illegal contract through the duress or undue influence of the other." *Id.*, at 1020-1021 (quoting 17 C.J.S. Contracts § 274, p. 119 (1963)).

Although Western raised a counterclaim alleging fraud based on the letter of November 2006, the Court has granted summary judgment in favor of Loxley South on that counterclaim. Also, there is no element of undue influence or duress. Instead the parties to the Agreement are both sophisticated business entities. Moreover, there is no evidence that either party knew that entering into the Agreement would violate the Alabama subdivision control statutes. *Lucky Jacks Entertainment Center, LLC v. Jopat Bldg. Corp*, 32 So.3d 565, 569 (Ala. 2009) (addressing a lease for the purpose of operating an illegal video gaming center) ("'When both parties, acting under a mistake of law, make a contract which the law forbids, then the principals are not liable thereunder .... It is a mistake of law, known in law, yet probably unknown in fact, to the parties to the contract at the time of its execution.'") (quoting *Walker v. Southern Trucking Corp*., 283 Ala. 551, 553-554, 219 So.2d 379, 381 (1969)). Therefore, the exception does not apply to Western.

Additionally, rescission is usually reserved for cases involving executory contracts. *See Cross v. Maxwell*, 263 Ala. 509, 513, 83 So.2d 211, 214-215 (Ala. 1955) ("It is generally held that the cancellation of an executed contract is an exertion of the most extraordinary power of a court of equity, which will not be exercised except in a clear case and on strong and convincing evidence.") (citation omitted); *see Spurlock v. Spurlock*, 364 So.2d 1149, 1150 (Ala. 1978) (cancellation of a lease). As explained in *Ex parte Ramsay*, 829 So.2d 146, 155 (Ala. 2002), "[a] contract is executory if neither party has fully performed his obligation to the other party." The

Court finds that the Agreement was not executory because the evidence is that Loxley South had fully performed its obligations under the Agreement by granting the real property to Wise (at the request of Western). Only Western has not fully performed since it has not built the road as agreed in Paragraph 5. Thus, in addition to the finding that the Agreement is void and that there is nothing to rescind, the equitable remedy of rescission of the Agreement would not be available to Western based on the evidence before the Court.[5]

Conclusion

Accordingly, for the reasons set forth herein, summary judgment is GRANTED in favor of Loxley South as to Western's counterclaim for rescission. Since rescission has not been ordered, the parties shall remain in the position they were in before filing this action.

Final judgment shall be entered by separate document as required by Rule 58 of the Federal Rules of Civil Procedure.

**DONE** and **ORDERED** this 21st day of June, 2011.

> **s / Kristi K DuBose**
> **KRISTI K. DuBOSE**
> **UNITED STATES DISTRICT JUDGE**

---

[5] Although the court in *Kilgore Development, Inc. v. Woodland Place, LLC*, 47 So. 3rd 267 (Ala. Civ. App. 2009), allowed rescission and ordered that the earnest money deposit should be returned to the buyer, that case is distinguishable. The money was held by an escrow agent. The land purchase agreement in *Kilgore* was executory because no deed was executed to complete the purchase of land and no consideration paid to the seller. Therefore, the court was put in the position of deciding who should receive the money since the agreement was void and not held by either the purchaser or the seller.