IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| LOXLEY SOUTH, L.L.C., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 10-00024-KD-N |
| | ) |
| WESTERN EXPRESS, INC., | ) |
| | ) |
| Defendant. | ) |

## ORDER

This action is before the Court on the motion to alter or amend final judgment and order filed by plaintiff Loxley South, L.L.C. (doc. 106). Pursuant to Rule 59(e) of the Federal Rules of Civil Procedure, Loxley South moves the Court to alter or amend its judgment entered June 21, 2011 (doc. 105) and its interlocutory order entered on May 10, 2011 (doc. 98). Upon consideration and for the reasons set forth herein, the motion is DENIED.

"The only grounds for granting [a motion to alter judgment] are newly-discovered evidence or manifest errors of law or fact." *Anderson v. Vanguard Car Rental USA Inc.*, 2011 WL 2149486, 2 (11th Cir. June 1, 2011) (slip copy) (unpublished opinion) (bracketed text in original) (quoting *Arthur v. King*, 500 F.3d 1335, 1343 (11th Cir. 2007) (per curiam)). A "motion to alter judgment may not be used 'to relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment.'" *Id*. Thus, the motion "cannot be brought solely to relitigate issues already raised in an earlier motion." *Harris v. Corrections Corp. of America*, 2011 WL 2672553, 1 (11th Cir. July 11, 2011) (citing *Michael Linet, Inc. v. Vill. of Wellington*, 408 F.3d 757, 763 (11th Cir. 2005)). (quoting *Kellogg v. Schreiber ( In re Kellogg)*, 197 F.3d 1116, 1119 (11th Cir.1999)). Also, "a motion to reconsider

should not be used by the parties to set forth new theories of law." *Mays v. United States Postal Service*, 122 F.3d 43, 46 (11th Cir. 1997)

Relying upon principles of statutory construction, Loxley South argues that the Court committed clear error by finding that Section 4.4B of the Town of Loxley Subdivision Regulations was not ambiguous and by equating the word "involved" with the word "contemplated". Loxley South argues that the correct and reasonable interpretation of the phrase "street construction is involved" means street construction "commenced prior to approval by the Loxley Planning Commission", and that contemplating the construction of streets at some unspecified future date, not as a part of an immediate plan, is not the equivalent of "involved."

Loxley South argues that after erroneously finding that street construction was "involved" in the sale of land between Loxley South and Western Express, Inc. (Western) because the parties "contemplated" the construction of a road after approval by the Loxley Planning Commission, the Court erroneously held that the land was not exempt from the Regulations. Loxley South argues that based upon a finding that the land was not exempt, the Court then improperly relied upon *Kilgore Development, Inc. v. Woodland Place, LLC*, 47 So. 3d 267 (Ala. Civ. App. 2009), to find that the Agreement between Loxley South and Western violated the Regulations and the Alabama Subdivision Control Statute, Ala. Code § 11-52-33, and thus was void and unenforceable.

Regulation 4.4 sets forth, in relevant part, as follows:

> 4.4 Applicability
>
> The following shall not be included within the definition of subdivision or be subject to the requirements thereof: . . .
>
> B. The division of land into parcels greater than five (5) acres where no street construction is involved. Any further division of this original tract will require a recording of a subdivision plat.

(doc. 77-2, p. 21, Exhibit 12).

However, the Court has considered this argument and found that although the land sold was greater than five acres and no finished street or street under construction was currently on the land, street construction was involved because the parties contemplated the construction of a street when they entered into the Agreement.  The Agreement was based upon a plat of an unrecorded subdivision and Western agreed to construct a street on the land.  Regardless of whether the street would not be constructed until after Planning Commission approval and recordation of the subdivision plat, street construction was involved.

**DONE** this 5th day of August, 2011.

/s/ Kristi K. DuBose
KRISTI K. DuBOSE
UNITED STATES DISTRICT JUDGE